IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TPI CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendants. | Case No. 26-cv-01013 |

## COMPLAINT

1.　　Plaintiff TPI Corporation ("TPI"), by and through its undersigned counsel and for its Complaint against Defendant United States ("Defendant"), does hereby state and allege as follows:

## CAUSE OF ACTION

2.　　This action is commenced to challenge the denial of plaintiff's protest which contested Defendant's reclassification of certain fans manufactured in China under an incorrect Harmonized Tariff Schedule ("HTS") number. As a result, additional Section 301 duties were inappropriately applied to the entries.

## JURISDICTION

3.　　This is a civil action commenced to challenge the denial of protests under Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1514.

4.　　This Court has exclusive jurisdiction over this action. 28 U.S.C. § 1581(a).

5.　　As the importer of record of the merchandise that is the subject of the relevant protests, and as the party that filed the relevant protests pursuant to 19 U.S.C. § 1514, TPI has standing to bring this action. 28 U.S.C. § 2631(a).

1

6. United States Customs and Border Protection ("CBP") is an agency of the Defendant.

7. The protests that are the subject of this action: Protest 160123107041 covering the following entry: E5K40201479; Protest 160123106977 covering the following entries: E5K40192033, E5K40192041 E5K40192371, E5K40192579, E5K40192603, E5K40193502, E5K40194377, E5K40194468, E5K40194633, E5K40194856, E5K40195820, E5K40195937, E5K40195945, E5K40196588, E5K40196604, E5K40196612, E5K40197255, E5K40198758, E5K40198915, E5K40200414, E5K40200422, E5K40201289, E5K40201511, E5K40201669; Protest 160123107035 covering the following entry: E5K40197263; Protest 160123107036 covering the following entry: E5K40182745; Protest 160123107037 covering the following entry: E5K40185227; Protest 160123107038 covering the following entry: E5K40190037; Protest 160123107039 covering the following entry: E5K40195929; Protest 160123107040 covering the following entry: E5K40192736; Protest 160123107045 covering the following entry: E5K40195812; Protest 160124107075 covering the following entry: E5K40201396; Protest 160125107326 covering the following entry: E5K40209696; Protest 270923100267 covering the following entry: E5K40193312; and Protest 270923100268 covering the following entry: E5K40189856, (collectively, the "Protests"), were timely filed with CBP within 180 days of the date of notice of liquidation.

8. The Protests were denied by CBP on August 22, 2025.

9. This action is timely commenced within 180 days after the date of notice of protest denial. 28 U.S.C. § 2632; 19 C.F.R. § 174.31.

10. All duties, charges, and exactions assessed as a result of the challenged assessment at issue herein pertaining to the entries protested in the Protests were paid before the commencement of this action.

## PARTIES

11. Plaintiff TPI Corporation is a Tennessee Corporation with its principal place of business at 114 Roscoe Fitz Road, Johnson City, Tennessee 37615. TPI produces innovative, industry leading products for the electric heating, fan and ventilation, industrial lighting, commercial controls, and industrial oven markets.

12. Defendant the United States is the Federal defendant. The actions complained of herein were taken by its agency United States Customs and Border Protection, which is organized under the Department of Homeland Security.

## STATEMENT OF FACTS

### TPI Imports Fans From China

13. TPI imports certain fans from China.

14. TPI historically imported its fans under HTS 8414.51.9090 which covers table, floor, wall, window, ceiling or roof fans, with a self-contained electric motor of an output not exceeding 125W.

### CBP Rejects Entry E5K40201479

15. On May 25, 2023, TPI received correspondence from CBP that the entry summary for Entry E5K40201479 was rejected.

16. According to CBP, the entry was rejected based on improper HTS classification.

17. In correspondence, Import Specialist T.J. Trimeloni stated that the "fans operate at a wattage above 125 and are thus classified in 8414.59."

18. TPI also received the following automated correspondence from CBP: "The fans imported operate at a power ranging from 165 to 220 watts and are misclassified. The correct classification is 8414.59.6590 (2.3%), [instead of HTS 8414.51.9090]. Fans manufactured in China classified in 8414.59.6590 are also subject to additional duties of 25%. Retransmit entry summary are [sic] remit duties due to the cashier at the port of entry as per the entry summary business process document and entry summary CATAIR."

19. Importantly, as the automated message indicates, merchandise from China classified under HTS 8414.59.6590 is subject to a 25 percent tariff imposed under Section 301 of the Trade Act of 1974 ("Section 301") – specifically HTS 9903.88.01.

20. Meanwhile, merchandise from China classified under HTS 8414.51.9090 is not subject to the 25 percent tariff imposed under Section 301.

**TPI Conducts Internal Investigation and Submits Prior Disclosure to CBP**

21. Upon receipt of the correspondence, TPI began an internal investigation to review its entries over a five year period from June 2018 to June 2023.

22. TPI submitted the results of its internal investigation in a prior disclosure to CBP under 19 U.S.C. § 1592(c)(4) on December 1, 2023.

23. TPI determined that certain fans should have been imported under HTS 8414.59.6590 which covers axial fans with an electric motor of an output exceeding 125W, meaning that TPI owed additional duties under Section 301.

24. TPI paid all duties that were inadvertently underpaid along with associated fees with its prior disclosure.

**TPI Disputes CBP's Classification of Fans with Output Power Not Exceeding 125W**

25.   In addition to the fans that TPI acknowledged required reclassification, TPI identified certain other fans that it asserts were properly classified under HTS 8414.51.9090.

26.   Because these fans should be classified under HTS 8414.51.9090, CBP should not have assessed Section 301 duties on these fans.

27.   These fans are the subject of the Protests and now this action (the "Subject Fans").

28.   Listed by protest and entry number, the Subject Fans include the following:[1]

   a.   From Jiangmen Sunko – Summit Victory Limited, *see* Exhibit 1 at 1:

   - 160123107041 – E5K40201479 – CACU 24-W
   - 160123107035 – E5K40197263 – CACU 24-W
   - 160123107036 – E5K40182745 – CF-20
   - 160123107037 – E5K40185227 – CACU 30-P
   - 160123107038 – E5K40190037 – CACU 30-W
   - 160123107039 – E5K40195929 – CACU 24-P
   - 160123107040 – E5K40192736 – CF-20
   - 270923100267 – E5K40193312 – CACU 30-W
   - 160124107075 – E5K40201396 – CACU 24-W
   - 160125107326 – E5K40209696 – CACU 24-WO

   b.   From Rising Electro Co., Ltd, *see* Exhibit 1 at 2:

   - 160123107045 – E5K40195812 – U18-TE; F18-TE
   - 160123106977 – E5K40194633 - U12-TE ULINE H-4091
   - 160123106977 – E5K40192041 - F24-TE ULINE H-1573
   - 160123106977 – E5K40192603 - F24-TE ULINE H-1573
   - 160123106977 – E5K40195937 – U18-TE ULINE H-4092
   - 160123106977 – E5K40194468 – F24-TE ULINE H-1573
   - 160123106977 – E5K40192033 – F18-TE ULINE H-1423; F24-TE ULINE H-1573
   - 160123106977 – E5K40193502 – U18-TE ULINE H-4092
   - 160123106977 – E5K40192579 – U18-TE ULINE H-4092
   - 160123106977 – E5K40194377 – F18-TE ULINE H-1423; F24-TE ULINE H-1573
   - 160123106977 – E5K40192371 – F24-TE ULINE H-1573

---

[1] TPI also provides declarations from the fan manufacturers, attached hereto as **Exhibit 1**. The declarations clearly demonstrate that the Subject Fans have output power below 125W.

- 160123106977 – E5K40194856 – U12-TE ULINE H-4091
- 160123106977 – E5K40195820 – U12-TE ULINE H-4091
- 160123106977 – E5K40195945 – U18-TE ULINE H-4092
- 160123106977 – E5K40201669 – LDF18-TE
- 160123106977 – E5K40201289 – U24-TE; F24-TE ULINE H-1573; U18-TE ULINE H-4092; U18-TE; LDF18-TE
- 160123106977 – E5K40198915 – U12-TE ULINE H-4091
- 160123106977 – E5K40196588 – F18-TE; U18-TE ULINE H-4092
- 160123106977 – E5K40200422 – U12-TE
- 160123106977 – E5K40198758 – U12-TE ULINE H-4091
- 160123106977 – E5K40197255 – U18-TE ULINE H-4092
- 160123106977 – E5K40201511 – U12-TE
- 160123106977 – E5K40200414 – U18-TE ULINE H-4092
- 160123106977 – E5K40196612 – U12-TE ULINE H-4091
- 160123106977 – E5K40196604 – U18-TE

c. From Chikee Electrical Motor & Appliance Industrial Co., Ltd, *see* Exhibit 1 at 3:

- 270923100268 – E5K40189856 – U18TE-HD

29. Each of the Subject Fans has an output power below 125W. *See* Exhibit 1.

**CBP Incorrectly Classified Fans Based on Misunderstanding Input and Output Power**

30. Despite the foregoing, CBP used an incorrect calculation methodology to determine the output power of the Subject Fans' motors. Specifically, CBP conflated input and output power.[2]

31. Input power refers to the energy that is required to operate the fan.

32. Input power is included in product documentation because the customer or installer needs these values to ensure power supply circuits are sized appropriately for a particular load.

33. Output power is defined as the mechanical power delivered at the shaft, in this case to a fan blade. This may be measured with a dynamometer.

---

[2] As discussed *infra*, because CBP failed to provide an explanation for denying the Protests, TPI does not know why the Protests were denied. For the purposes of this action, TPI assumes that this misunderstanding served as CBP's basis.

34. Output power cannot be directly calculated from input power unless motor efficiency is known. Output power will be shown on the nameplate for a general purpose motor based on how the motor manufacturer rates the motor. *See* **Exhibit 2**.

35. This difference is material because HTS 8414.51.9090 covers the following merchandise: "Air or vacuum pumps, air or other gas compressors and fans; ventilating or recycling hoods incorporating a fan, whether or not fitted with filters; gas-tight biological safety cabinets, whether or not fitted with filters; parts thereof: Fans: Table, floor, wall, window, ceiling or roof fans, **with a self-contained electric motor of an <u>output</u> not exceeding 125 W**: Other: Other." (Emphasis added).

36. With this in mind, CBP's misunderstanding and failure to properly classify the Subject Fans becomes clear.

37. In reaching its conclusion, CBP relied on an operating manual (the "Operating Manual") submitted with the entry summary for Entry E5K-40201479. *See* **Exhibit 3.**

38. The Operating Manual was for the CACU30-P and CACU24-P fan models from Jiangmen Sunko – Summit Victory Limited. *See id.*; *see also* Exhibit 1 at 1.

39. The Operating Manual contained a table that described the input power for the fans.

40. According to the table, the CACU30-P had an input power of 200W to 250W, and the CACU24-P had an input power of 165W to 220W.

41. Import Specialist Trimeloni based his conclusion on this table.

42. He stated that according to the table in the Operating Manual, "these fans operate at a wattage above 125 and are thus classified in 8414.59."[3]

---

[3] TPI provided Import Specialist Trimeloni a letter explaining the difference between input and output power as applied to the information in the Operating Manual. *See* Exhibit 2. Despite this, Import Specialist Trimeloni failed to recognize this critical distinction.

43. Critically, this conclusion neglects the difference between input and output power, discussed above.

44. By neglecting the difference, CBP failed to properly interpret the Harmonized Tariff Schedule of the United States, which clearly bases classification on output power. *See* HTS 8414.51.9090 ("Fans: Table, floor, wall, window, ceiling or roof fans, with a self-contained electric motor of an output not exceeding 125 W").

### CBP Denies TPI's Protest without Providing Reasoning or Explanation

45. TPI filed the Protests to address and resolve this misunderstanding.

46. CBP denied the Protests on August 22, 2025.

47. CBP's explanation for denying the Protests was as follows: "Protest is Denied."

48. CBP provided nothing more than this bare denial.

49. TPI sought further explanation from CBP on several occasions.

50. CBP never supplied further context.

51. Eventually, on September 16, 2025, Supervisory Import Specialist Sheila R. Colbert responded to an inquiry from the undersigned stating that she would review the "prior disclosure and protests with [Specialist] Isamar [Ford] and get back with you no [sic] tomorrow." *See* **Exhibit 4.**

52. On September 18, 2025, Supervisory Import Specialist Colbert then stated "we have approved your request for reconsideration for Industrial Fans under 125 watts of output." *See* **Exhibit 5**.

53. Despite this response, the status of the Protests never changed in ACE.

54. Each Protest remained denied as of August 22, 2025.

55. The undersigned also requested updates from Supervisory Import Specialist Colbert on November 18, 2025, and January 12, 2026. *Id*.

56. Supervisory Import Specialist Colbert never responded to either request.

57. TPI now timely files this action contesting CBP's denial of the Protests.

## COUNT I

58. Plaintiff reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

59. Under 16 CFR § 174.30, a notice of denial of protest is required to "include a statement of the reasons for the denial."

60. Plaintiff has been given no reasons for denial of the Protests.

61. Plaintiff has repeatedly attempted to obtain reasons for denial of the Protests. Defendant has filed to provide any reasoning.

62. Accordingly, by failing to provide Plaintiff with other information concerning why Plaintiff's Protests were denied, in full or in part, CBP has erred as a matter of law by failing to provide Plaintiff with a "statement of the reasons for the denial [of protest]" as required by 16 CFR § 174.30.

## COUNT II

63. TPI reasserts and incorporates by reference the above-stated paragraphs as if fully set forth herein.

64. TPI contests Defendant's denial of the Protests.

65. HTS 8414.51.9090 covers the following merchandise: "Air or vacuum pumps, air or other gas compressors and fans; ventilating or recycling hoods incorporating a fan, whether or not fitted with filters; gas-tight biological safety cabinets, whether or not fitted with filters; parts

9

thereof: Fans: Table, floor, wall, window, ceiling or roof fans, with a self-contained electric motor of an output not exceeding 125 W: Other: Other."

66. The Subject Fans output power does not exceed 125W.

67. CBP improperly denied TPI's Protests because it failed to properly determine the Subject Fans' output power.

68. By denying TPI's Protests, CBP improperly classified the Subject Fans under HTS 8414.59.6590 and improperly assessed Section 301 duties on the Subject Fans.

69. Instead, the Subject Fans should be classified in HTS 8414.51.9090.

70. CBP erred, as a matter of fact and law, in its determination to deny TPI's protests.

71. TPI asserts that CBP must properly assess duties on the Subject Fans at a rate of 4.7 percent.

## PRAYER FOR RELIEF

WHEREFORE TPI respectfully requests this Court enter judgment in its favor as follows:

    a. Overruling Defendant's denial of the Protests;

    b. Ordering that CBP reliquidate the Entries which are the subject of this action;

    c. Confirming that the Subject Fans should be classified under HTS 8414.51.9090;

    d. Refunding all excess duties, including but limited to those paid under HTS 9903.88.01, together with interest as provided by law; and

    e. Providing such additional relief as the Court deems appropriate, including but not limited to attorney's fees and court costs.

| | |
|---|---|
| Date:  February 13, 2026 | Respectfully submitted,<br><br>/s/ P. Lee Smith<br>P. Lee Smith<br>Matthew W. McGee<br>BAKER, DONELSON, BEARMAN,<br> CALDWELL & BERKOWITZ, PC<br>901 K Street, N.W. Suite 900<br>Washington, D.C. 20001<br>leesmith@bakerdonelson.com<br>mmcgee@bakerdonelson.com<br>202-326-5026<br><br>*Attorneys for TPI Corporation* |